IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

AARON ASHLEY,

    Petitioner,

  v.

TIM VIRGA, Warden,

    Respondent.
                                     /

No. C 12-1882 CW (PR)

ORDER GRANTING MOTION TO STAY HABEAS PROCEEDINGS; DIRECTING CLERK OF THE COURT TO ADMINISTRATIVELY CLOSE CASE UNTIL STAY IS LIFTED

(Docket no. 2)

    Petitioner, a state prisoner, has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the filing fee.

    Petitioner has filed a motion to stay the petition pending the outcome of his state habeas petition, currently pending before the California Supreme Court.

    A district court may stay a mixed habeas petition, i.e., a petition containing both exhausted and unexhausted claims, to allow the petitioner to exhaust state court remedies as to those claims that have not yet been presented to the state's highest court. See Rhines v. Webber, 544 U.S. 269, 277-78 (2005). In Rhines, the Supreme Court discussed the stay-and-abeyance procedure, explaining that a stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner. Id. If the stay is granted, the petitioner does not have to worry that his newly-exhausted claims will be barred by the statute of limitations because those claims remain pending in federal court. King v. Ryan, 564 F.3d 1133,

1139, 1140 (9th Cir. 2009).

Here, it appears that good cause exists to grant the stay because Petitioner appears to have pursued state habeas corpus relief diligently, by filing his first state habeas petition within a year of his state conviction becoming final; his ineffective assistance of trial and appellate counsel claims could not be raised on direct appeal and must be raised by way of state habeas corpus; and, his state habeas petition has been pending before the California Supreme Court since December 23, 2011.  Moreover, the unexhausted claims state cognizable bases for federal habeas relief and there is no evidence that Petitioner seeks the stay for improper purposes.  Accordingly, the Court GRANTS Petitioner's request for a stay.

These proceedings are hereby STAYED pending Petitioner's exhaustion of his state judicial remedies.  Nothing further will take place in this action until the Court decides further action is appropriate or until Petitioner exhausts the unexhausted claims and, within **twenty-eight** days of doing so, moves to reopen this action and lift the stay.

The Clerk of the Court shall ADMINISTRATIVELY CLOSE the file pending the stay of this action.

This Order terminates Docket no. 2.

IT IS SO ORDERED.

Dated: 5/23/2012

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California